## *In re* OPINION OF THE JUDGES.

## *In re* JOHN G. LEDBETTER.

No. A-3915—Opinion Filed Feb. 4, 1921.

(195 Pac. 149.)

(Syllabus)

1. **APPEAL AND ERROR—Right of Appeal—Time.** Every defendant in a criminal case, as a matter of right, may appeal from a judgment against him within six months from the time of rendition of such judgment.

2. **SAME—Death Sentence—Suspension of Execution.** No court or officer, other than the Governor, can suspend the execution of a judgment and sentence of death after delivery of the defendant to the warden of the penitentiary unless and until an appeal is taken from such judgment.

3. **TRIAL—Death Sentence—Duty of Judge.** It is mandatory upon the trial judge, when judgment of death is imposed, to appoint a day on which the judgment is to be executed, which day must not be less than 60 days nor more than 90 days from the date of rendition of judgment, directing the sheriff to deliver the defendant, within 10 days from the date of judgment, to the warden of the state prison at McAlester, to be dealt with as provided in said judgment.

4. **APPEAL AND ERROR—Death Sentence—Right of Appeal—Powers of Courts and Governors.** After the delivery, by the sheriff, of the defendant to the warden of the penitentiary, pursuant to a judgment imposing death, the trial court has no authority to extend the time of execution, and this court has no jurisdiction and will acquire no jurisdiction to suspend sentence until the case has been appealed and the appeal filed in this court. It is the advisory opinion of this court that the only way to preserve to the defendant his right of appeal for the full period of six months would be for the Governor of this state to suspend the execution of the judgment until after the expiration of the six months period.

5. **COURTS—Death Sentence—Advisory Opinion to Governor.** An opinion rendered by this court in response to a request of the Governor, as authorized by section 5969, Rev. Laws 1910, is advisory only. An adjudication of the matters involved cannot be made until the case is lodged in this court on appeal.

Opinion of the Judges of the Criminal Court of Appeals in response to a request by Hon. J. B. A. Robertson, Governor, relative to the conviction of John G. Ledbetter of the crime of murder.

Sir: In response to your official communication of January 26, 1921, addressed to this court, asking for an opinion, as provided in section 5969, Revised Laws of Oklahoma, 1910, in the matter of the conviction of John G. Ledbetter in the district court of Muskogee county, Okla., on the 16th day of November, 1920, of the crime of murder, and who was on the 2d day of December, 1920, by judgment of the court sentenced to be put to death by electrocution on the 25th day of February, 1921, within the walls of the state penitentiary at McAlester, Okla., we hereby respectfully submit the following:

## Opinion of the Judges.

BESSEY, J. It appears from the transcript of the record submitted to us by you:

That John G. Ledbetter was prosecuted in the district court of Muskogee county, Okla., by information filed in said court on the 3d day of September, 1920, which information charged said John G. Ledbetter with the murder of Robert Moreland in said county on the 15th day of August, 1920, by shooting said Robert Moreland with a pistol.

That on the 5th day of November, 1920, said defendant appeared in open court, in person and by his attorneys, and was duly arraigned and pleaded not guilty and the cause was set for trial for the 15th day of November, 1920, upon which date the cause was called for trial. The defendant was present in person and by his attorneys, and both sides announced ready for trial. A jury was impan-

elled, examined, and sworn according to law, and the trial then proceeded according to the forms of law. The state introduced its evidence in chief and rested, and thereupon the defendant introduced his evidence in defense and rested; and, both sides having announced that there was no further testimony to be introduced, the court thereupon presented to the attorneys certain instructions which he proposed to give in the cause, and offered each side an opportunity to file objections to the same. No objections to these instructions being offered, the court thereupon instructed the jury upon the law of the case, which instructions appear at length in the transcript of the record submitted herein. Thereupon the cause was submitted to the jury, which rendered into open court the following verdict:

"We, the jury in the above-entitled action, duly impaneled and sworn, upon our oaths find the defendant, John G. Ledbetter, guilty of the crime of murder as charged in the information, and designate that he be punished by death."

That on the 19th day of November, 1920, the defendant filed a motion for a new trial, and that thereafter, on the 29th day of November, 1920, the defendant filed a supplemental motion for a new trial, which motions were by the court overruled, and exceptions allowed the defendant.

Thereafter, on the 2d day of December, 1920, the said defendant, John G. Ledbetter, was sentenced in open court, in conformity with the verdict, rendered, to death by electrocution on the 25th day of February, 1921, within the walls of the state penitentiary at McAlester, Okla., in the manner and form as provided by the laws of the state of Oklahoma. Whereupon a death warrant was issued by the presiding judge of the trial court directing the sheriff of Muskogee county to convey said defendant to said peniten-

tiary and directing the warden of the penitentiary to execute said judgment on the date designated.

The record shows that at the rendition of this judgment the defendant, John G. Ledbetter, excepted to the judgment and sentence of the court and gave notice in open court of an appeal to the Criminal Court of Appeals of the state of Oklahoma. The court thereupon made an order allowing the defendant 30 days from the date of judgment in which to prepare and serve a case-made, and allowing 10 days after such service for the state to suggest amendments, the same to be settled and signed upon 5 days' notice in writing, after which the appeal might be filed in the Criminal Court of Appeals as provided by law.

That the certificate of the clerk to this record here under consideration bears date of December 13, 1920, and at that time, as appears from this record, no case-made had been filed and no steps taken to lodge an appeal in this court; and an examination of the records of this court discloses that no appeal has been filed in this court prior to this date, February 3, 1921.

Under the statutes of this state, the defendant has an option to take an appeal to this court by filing in this court a duly certified case-made, with a petition in error attached, or by filing in this court a duly authenticated transcript of the record, which may be done at any time prior to the expiration of 6 months from the date of the judgment. It follows, therefore, that the defendant cannot now appeal to this court by filing herein a case-made with petition in error attached, for the reason that the time allowed by the court in which to prepare and settle the case-made has expired, unless by proper showing, in case of accident or misfortune which could not reasonably have

been avoided by the defendant, he has been prevented from so doing within the time designated by the trial court, an appeal may be allowed out of time, as provided in section 5246, Revised Laws of Oklahoma 1910, but that the defendant, under the law, without preparing or filing a case-made, has until the 2d day of June, 1921, to take an appeal to this court by filing herein an authenticated transcript of the record below, with a petition in error attached.

Section 5991, Revised Laws of Oklahoma 1910, provides that every defendant in a criminal case, as a matter of right, may appeal from a judgment against him within 6 months from the time of the rendition of such judgment.

According to the provisions of section 2, c. 113, Session Laws of 1913, it is made mandatory upon the trial judge, when judgment of death is rendered, to appoint a day on which such judgment is to be executed, which must not be less than 60 days nor more than 90 days from the date of the judgment, and he must direct the sheriff to deliver the defendant, within 10 days from the date of the judgment, to the warden of the state prison at McAlester, to be dealt with in accordance with the judgment and sentence.

After the delivery by the sheriff of the defendant to the warden of the penitentiary pursuant to such judgment, the trial court has no authority to extend the time of execution, and this court has no jurisdiction and will acquire no jurisdiction to suspend sentence until the case has been appealed and the appeal filed in this court. It is the advisory opinion of this court that the only way to preserve to the defendant his right of appeal for the full period of 6 months will be for the Governor of this state to suspend the execution of the judgment until after the expiration of

the 6 months' period. Section 5970, Revised Laws Okla. 1910.

We have carefully examined the authenticated transcript of the record, testimony, and proceedings in this case submitted, and find that there was a proper observance of all the regularities and formalities of law essential to the rendition of judgment involving the taking of human life, and that the trial, conviction, and sentence of death was all had and done in the manner and form as provided by the laws of the state.

DOYLE, P. J., and MATSON, J., concur.