### In re OPINION OF THE JUDGES.
### In re RICHARD BIRKES.
(221 Pac. 1041.)
No. A-4977. Opinion Filed Jan. 15, 1924.

Opinion of the Judges of the Criminal Court of Appeals in response to a request of the Governor relative to the conviction of Richard Birkes of the crime of murder.

Honorable M. E. Trapp, Governor of the State of Oklahoma—Sir: In response to your official communication of December 26, 1923, addressed to this court, asking for an opinion as provided in section 2786, Compiled Statutes Oklahoma 1921, in the matter of the conviction of Richard Birkes in the district court of Craig county on the 17th day of November, 1923, by judgment of said court sentenced to be put to death by electrocution on the 1st day of February, 1924, within the walls of the state penitentiary at McAlester, Okla., we hereby respectfully submit the following opinion of the Judges:

MATSON, P. J. It appears from the record before us that Richard Birkes was, by information filed in the district

court of Craig county, Okla., on September 15, 1923, charged with the murder of one Frank Pitts, alleged to have been committed in said county on the 9th day of August, 1923, by shooting said Pitts with a pistol.

After arraignment and plea, the trial commenced in said district court on the 5th day of November, 1923, and the defendant appeared in person and by attorney. A jury was impaneled, examined, and sworn according to law. The state introduced its evidence in chief and rested; thereupon the defendant rested without the introduction of any evidence; thereupon, both sides having closed, the court proceeded and did instruct the jury on the law of the case, but said instructions do not appear in the record submitted by you. After such submission to the jury, the following verdict was returned into open court:

"We, the jury impaneled and sworn to try the above-entitled cause, do, upon our oaths, find the defendant Richard Birkes guilty as charged in the information and assess his penalty at death."

Thereafter, to wit, on the 17th day of November, 1923, said court being in session, the defendant Richard Birkes filed therein a motion for a new trial, which said motion was presented, heard, and overruled by the court. The court thereupon advised the defendant of his right to appeal said cause to the Criminal Court of Appeals of the State of Oklahoma, and thereafter inquired of the defendant if he had any cause or reason why judgment and sentence should not be pronounced and imposed against him, and the defendant replied that he had no reason. Thereupon the court pronounced judgment in accordance with the verdict of the jury and sentenced the defendant to suffer death by electrocution within the walls of the Oklahoma state penitentiary on the 1st day of February, 1924. Whereupon a death warrant was

issued by the judge presiding at the trial directing the sheriff of Craig county to convey the said defendant to said penitentiary within 10 days from said date, and directing the warden of the penitentiary to execute said judgment on the date designated.

The record before us is silent as to whether or not the defendant, after the overruling of the motion for a new trial and the rendition of the judgment and sentence of the court, gave notice of appeal to this court, or whether or not any order was made allowing the defendant any extension beyond the 15 days allowed by statute to prepare and serve a case-made. The record presented by you is neither a case-made, nor a complete transcript of the proceedings in the lower court certified to by the court clerk; it is merely a transcript of that portion of the trial proceedings which may be designated "the trial proper," beginning with the proceedings had on the day the cause was called for trial and extending up to and including the judgment rendered, together with the warrant for executing the same, excepting the instructions given.

Under the statutes of this state, the defendant has an option to take an appeal to this court by filing herein a duly certified case-made with petition in error attached, or by filing a duly authenticated transcript of the record with the petition in error attached, the latter of which may be done at any time prior to the expiration of six months from the rendition of the judgment. While the defendant has allowed the statutory time within which to make and serve a case to expire, nevertheless, upon proper showing in case of accident or misfortune, which could not have reasonably been avoided by the defendant, by which he has been prevented from so doing, the trial court could make appropriate orders for making and serving a case-made. In any event, the defend-

ant has until the 17th day of May, 1924, in which to take an appeal by filing herein a duly authenticated transcript of the record below, with petition in error attached.

The right of appeal is a constitutional right, and counsel representing a defendant sentenced to death fails to fulfill his duty as an attorney if he either neglects or refuses to take an appeal from such a judgment. Noel v. State, 17 Okla. Cr. 308, 188 Pac. 688.

After the delivery by the sheriff of the defendant to the warden of the penitentiary, pursuant to a judgment sentencing defendant to death, the trial court has no authority to extend the time of execution, and this court has no jurisdiction and will acquire no jurisdiction to suspend such sentence until the case has been appealed and the appeal filed in this court. Opinion of the Judges, 18 Okla. Cr. 366, 195 Pac. 149.

For such reasons it is the advisory opinion of this court that the only way to preserve to the defendant his right of appeal for the full period of six months from the date of the rendition of the judgment will be for the Governor of this state to suspend the execution of said judgment until after the expiration of the six-month period, which expires on May 17, 1924. Section 2787, Compiled Statutes 1921.

According to section 2784, Compiled Statutes 1921, it is made mandatory upon the trial judge, when judgment of death is rendered, to appoint a day upon which such judgment is to be executed, which must not be less than 60 days nor more than 90 days from the date of the judgment. Such statutory provision renders it impossible for the trial judge to postpone the date of execution beyond the period of 6 months allowed by statute for taking appeals in felony cases. An anomaly, therefore, exists in the statutes which would deprive a defendant convicted of a capital crime of the full

period of 6 months within which to appeal unless the Governor under authority of section 2787, supra, exercises his right to suspend the judgment by fixing a date of execution later than 6 months from the date of the rendition of judgment.

We have examined the record transmitted by you, and, so far as is disclosed by it, we find the proceedings regular and the formalities of law properly complied with; but as the record is incomplete, what is here said must not be treated as such an opinion as would likely be rendered by this court on the merits of a conviction where the entire proceedings are before us.

In view of the incomplete nature of the record presented, and of the fact that the defendant yet has approximately four months within which to appeal to this court, we respectfully suggest that an appropriate order be made by you suspending the execution of this judgment until after the 17th day of May, 1924, on which date defendant's right to appeal will expire.

BESSEY and DOYLE, JJ., concur.